UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LIFETOUCH NATIONAL SCHOOL STUDIOS, LLC<br><br>Plaintiff,<br><br>v.<br><br>WALSWORTH PUBLISHING COMPANY, INC. d/b/a WALSWORTH YEARBOOKS, DEBRA COHEN, RISA NITKIN, SUSAN GILLAM, and ALEXANDER WILSON,<br><br>Defendants. | C.A. No. 3:19-cv-01726-JCH<br><br>November 5, 2019 |

## PLAINTIFF LIFETOUCH NATIONAL SCHOOL STUDIOS, LLC'S MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Rule 65(a) of the Federal Rules of Civil Procedure and Local Rule 7, Plaintiff Lifetouch National School Studios, LLC f/k/a Lifetouch National School Studios Inc. ("Lifetouch") hereby moves for a preliminary injunction against Defendants Walsworth Publishing Company d/b/a Walsworth Yearbooks ("Walsworth"), Debra Cohen ("Cohen"), Risa Nitkin ("Nitkin"), Susan Gillam ("Gillam"), and Alexander Wilson ("Wilson") (collectively, the "Defendants"). Cohen and Nitkin are former employees of Lifetouch, and, at the start of their employment with Lifetouch, Cohen and Nitkin entered into employment agreements containing clear and unequivocal non-solicitation, non-disclosure, and unfair competition covenants. While

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7(a), Lifetouch respectfully requests that the Court permit oral argument on this motion.

still employed by Lifetouch, Cohen and Nitkin conspired with Gillam, Wilson, and other Walsworth personnel and executives to violate the restrictive covenants in their written employment agreements and to steal the confidential and proprietary information of Lifetouch in order to use that information against Lifetouch in the highly competitive yearbook sales business.

A preliminary injunction is necessary to prevent further violations of Cohen and Nitkin's restrictive covenants and misappropriation of Lifetouch's trade secrets, resulting in irreparable harm to Lifetouch. Accordingly, Lifetouch respectfully requests that this Court issue a temporary restraining order consistent with the Proposed Preliminary Injunction attached hereto as Exhibit A. Lifetouch also respectfully requests that this Court grant such other and further relief as this Court deems just and equitable.

This Motion is based upon the accompanying Memorandum, the Declaration of Craig Brown, the Declaration of Mark Lanterman, the Declaration of Stacie B. Collier, the pleadings and papers on file in this action, and such arguments and evidence as may be presented at hearing.

Respectfully submitted,

LIFETOUCH NATIONAL SCHOOL STUDIOS, INC.

/s Stacie B. Collier
Stacie B. Collier, Bar No. CT 18895
Matthew T. McLaughlin (*pro hac vice* application forthcoming)
Aaron F. Nadich (*pro hac vice* application forthcoming)
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
(401) 454-1000
sbcollier@nixonpeabody.com
mmclaughlin@nixonpeabody.com
anadich@nixonpeabody.com

November 5, 2019

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 5, 2019.

/s/ *Stacie B. Collier*

# EXHIBIT A

4813-5894-9035.1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LIFETOUCH NATIONAL SCHOOL STUDIOS, LLC<br><br>Plaintiff,<br><br>v.<br><br>WALSWORTH PUBLISHING COMPANY, INC. d/b/a WALSWORTH YEARBOOKS, DEBRA COHEN, RISA NITKIN, SUSAN GILLAM, and ALEXANDER WILSON,<br><br>Defendants. | C.A. No. 3:19-cv-01726-JCH |

## [PROPOSED] PRELIMINARY INJUNCTION

Upon a hearing this ___ day of November, 2019, on Lifetouch National School Studios, LLC's ("Lifetouch") Motion for Preliminary Injunction, this Court hereby Orders that:

Effective immediately, pending a hearing on Lifetouch's forthcoming Motion for Permanent Injunction, this Court enters a Preliminary Injunction:

    (a)    Against Defendants Walsworth Publishing Company d/b/a Walsworth Yearbooks ("Walsworth"), Debra Cohen ("Cohen"), Risa Nitkin ("Nitkin"), Susan Gillam ("Gillam"), and Alexander Wilson ("Wilson") (collectively, the "Defendants"), and all those acting in concert with them or on their behalf, requiring them to cease and desist from any use and/or disclosure of and/or copying of any and all documents and information in their possession, custody or control, relating to the business of Lifetouch, including but not limited to the information copied from Nitkin's company-provided computer and Cohen's company-provided computer (collectively, the "Lifetouch Materials");

1

(b) Against Defendants, and all those acting in concert with them or on their behalf, requiring them to preserve any and all documents (including documents in hard copy or electronic formats) in their possession, custody or control, relating to or embodying the Lifetouch Materials, and any and all documents (including documents in hard copy or electronic formats) in their possession, custody or control relating to Lifetouch customers, Lifetouch, Cohen, Nitkin, Wilson, and/or Gillam;

(c) Against Defendants, and all those acting in concert with them or on their behalf, requiring them to cease and desist from any contact with, or solicitation of business from or with, directly or indirectly, any of the customers or potential customers with respect to which Cohen or Nitkin called upon, solicited, or made sales at any time during the thirty-six (36) month period preceding the termination of their employment (collectively, the "Lifetouch Customers");

(d) Against Defendants, and all those acting in concert with them or on their behalf, requiring them to cease employment of Cohen, Nitkin, and Wilson in any capacity in which they would have contact or do business with, directly or indirectly, any of the Lifetouch Customers; and

(e) Against Defendants, and all those acting in concert with them or on their behalf, requiring them to provide an accounting listing (a) all of the Lifetouch information received by Walsworth (including without limitation Gillam and Wilson) from Cohen or Nitkin and/or their misappropriation of confidential and proprietary information from their Lifetouch-provided computers; (b) all of the business and monies derived by each of the Defendants from opportunities diverted to Walsworth from them; and (c) all of the business and monies derived by Defendants through their or Walsworth's use of the Lifetouch Materials.

So Ordered:

_____
The Honorable Janet C. Hall