## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LIFETOUCH NATIONAL SCHOOL STUDIOS, LLC | : | |
| Plaintiff, | : | CIVIL CASE NO. |
| | : | 3:19cv1726(JCH) |
| v. | : | |
| | : | |
| WALSWORTH PUBLISHING CO., ET AL | : | NOVEMBER 7, 2019 |
| Defendants. | : | |

## TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION

The court, having reviewed Lifetouch National School Studios, LLC's ("Lifetouch") Emergency Application for Temporary Restraining Order and Order to Show Cause Regarding Preliminary Injunction, and based upon Lifetouch's Memorandum in support of its Application, the Declaration of Craig Brown, the Declaration of Nate Dittmar, the Declaration of Stacie B. Collier, the pleadings and papers on file in this action, and good cause having been shown as stated on the record today, and as shown on the record before this court, hereby Orders that a Temporary Restraining Order is necessary to preserve the status quo pending a hearing on Lifetouch's Motion for a Preliminary Injunction. Effective upon the posting of a $40,000 (forty thousand dollars) bond by the plaintiff, this Court Orders that:

(a)     Defendants Walsworth Publishing Company d/b/a Walsworth Yearbooks ("Walsworth"), and its employees and agents; Debra Cohen ("Cohen"); Risa Nitkin ("Nitkin"); and Susan Gillam ("Gillam") (collectively, the "TRO Defendants"), and all those acting in concert with them or on their behalf, are required to immediately cease and desist from any use or disclosure of, or copying of, any documents and information (and copies thereof) in their possession, custody, or control, relating to the business of Lifetouch, and which documents or information or copies thereof were obtained, directly or indirectly, from Nitkin's company-provided computer and Cohen's company-provided computer, or otherwise obtained, directly or indirectly, by Nitkin or Cohen while she was employed by Lifetouch (collectively, the "Lifetouch Materials");

(b)     Defendants Gillam, Cohen, and Nitkin, and all those acting in concert with them or on their behalf, are required to immediately cease and desist from any contact with, or solicitation of business from or with, any of the customers or potential customers with respect to which Cohen or Nitkin called upon, solicited, or made sales at any time during the thirty-six (36) month period preceding the termination of their employment (collectively, the "Lifetouch Customers"); this restraint is not intended to prevent Walsworth, through its employee, Mr. Woods, from soliciting business in this territory, so long as he makes no use of Lifetouch Materials, whether obtained directly from Cohen or Nitkin or obtained in any other way;

(c)     The TRO Defendants, and all those acting in concert with them or on their behalf, are required to preserve any and all documents (in hard copy or electronic formats) in their possession, custody, or control containing, relating to, or embodying the Lifetouch Materials,

and any and all documents (in hard copy or electronic formats) in their possession, custody or control relating to Lifetouch customers in Connecticut, Rhode Island, and Massachusetts;

        d)      Cohen, Nitkin, and Gillam, and all those acting in concert with them or on their behalf, are required to submit their mobile devices as soon as possible to a third party vendor so that the contents of such devices can be imaged/duplicated, preserved, and held in escrow during the pendency of this action and until further Order of this Court.

This Court further Orders that Defendants shall appear and show cause why a preliminary injunction, consistent with the terms set forth in the Exhibit A to Lifetouch's Motion for Preliminary Injunction, shall not issue. Defendants shall file and serve opposition, if any, to Lifetouch's Motion for Preliminary Injunction no later than noon on November 15, 2019, and that reply papers, if any, shall be filed and served on Defendants' counsel no later than noon on November 18, 2019. A hearing on Lifetouch's Motion for Preliminary Injunction will be held on November 19, 2019, commencing at 9:15 am.

Plaintiffs are ordered to provide a copy of this Order to Walsworth's counsel, which will be deemed served on his clients. Plaintiffs are also ordered to serve a copy of this Order on Cohen and Nitkin.

SO ORDERED.

Dated at New Haven Connecticut this 7th day of November 2019.

                              /s/ Janet C. Hall
                              Janet C. Hall
                              United States District Judge