CORRECTED EXHIBIT A TO JOINT STATEMENT OF DEFENDANTS IN RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DOC. 41)

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LIFETOUCH NATIONAL SCHOOL STUDIOS, LLC<br><br>Plaintiff,<br><br>v.<br><br>WALSWORTH PUBLISHING COMPANY d/b/a WALSWORTH YEARBOOKS, DEBRA COHEN, RISA NITKIN, SUSAN GILLAM, and ALEXANDER WILSON,<br><br>Defendants. | C.A. No. 3:19-cv-01726-JCH |

## [DEFENDANTS' PROPOSED] PRELIMINARY INJUNCTION

Before this Court is a Plaintiff's Motion for Entry of a Stipulated Preliminary Injunction filed by Plaintiff Lifetouch National School Studios, LLC's ("Lifetouch") and the responsive statement of Defendants Walsworth Publishing Company d/b/a Walsworth Yearbooks ("Walsworth"), Debra Cohen ("Cohen"), Risa Nitkin ("Nitkin"), Susan Gillam ("Gillam"). Defendants have stipulated that Walsworth, Cohen, Nitkin, and Gillam (collectively, the "Enjoined Parties") will be enjoined while this action is pending or until further notice of the Court and have further stipulated that Lifetouch will not be required to post additional bond for issuance of a preliminary injunction.

Upon the consent of Defendants, who stipulate that the requirements of Rule 65 for entry of the following relief are met, this Court Orders that:

(a) The Enjoined Parties and all those acting in concert with them or on their behalf, are required to immediately cease and desist from any use or disclosure of, or copying of, any

documents and information (and copies thereof) in their possession, custody, or control, relating to the business of Lifetouch, and which documents or information or copies thereof were obtained, directly or indirectly, from Nitkin's Lifetouch-provided computer and Cohen's Lifetouch-provided computer, or otherwise obtained, directly or indirectly, by Nitkin or Cohen while employed by Lifetouch (collectively, the "Lifetouch Materials"); provided, however, that this shall not prevent counsel for the Enjoined Parties from making such copies as are needed for their representation of parties in this case of any Lifetouch Materials that may be produced in discovery, subject to the requirements of the protective order;

(b) The Enjoined Parties, and all those acting in concert with them or on their behalf, are required to immediately cease and desist from any contact with, or solicitation of business from or with, any of the customers or potential customers with respect to which Cohen or Nitkin called upon, solicited, or made sales at any time during the thirty-six (36) month period preceding the termination of their employment (collectively, the "Lifetouch Customers," of which Plaintiff will provide a list to the Enjoined Parties); provided, however, that this restraint is not intended to prevent Walsworth, through its employee, Jeff Wood or another employee not specifically enjoined from such solicitation herein, from soliciting business in this territory, so long as any such employee makes no use of Lifetouch Materials, whether obtained directly or indirectly from Cohen or Nitkin or obtained in any other way; and provided, further, that Walsworth shall not permit employees Jim Worthington, Julie Marshall or Rhonda O'Dea to contact the Lifetouch Customers;

(c) The Enjoined Parties, and all those acting in concert with them or on their behalf including Walsworth employees Jim Worthington, Julie Marshall and Rhonda O'Dea, are required to preserve any and all documents (in hard copy or electronic formats) in their

possession, custody, or control containing, relating to, or embodying the Lifetouch Materials, and any and all documents (in hard copy or electronic formats) in their possession, custody or control relating to the Lifetouch Customers;

(d) The images recovered from Cohen's, Nitkin's, and Gillam's mobile devices by the third party vendor, QDiscovery, shall be held in escrow during the pendency of this action by the respective defense counsel and until further Order of this Court or agreement of the parties, and such images shall be subject to searches and production as agreed to by the parties or, absent agreement, pursuant to further Order of this Court;

(e) Within ten (10) days of entry of this Order, Cohen, Nitkin, and all those acting in concert with them or on their behalves, are required to return to Lifetouch all property belonging to Lifetouch or containing Lifetouch data in their possession, custody, or control, including, but not limited to, yearbook samples and extra copies of customer yearbooks, external drives, and any other physical Lifetouch property or data.  To the extent that Cohen and/or Nitkin have external drives in their possession, custody, or control containing both personal data and Lifetouch property or data, Cohen and/or Nitkin are required to submit such external drives to be imaged within three (3) business days of this Order to a third party vendor so that the contents of such devices can be imaged/duplicated, preserved, and held in escrow during the pendency of this action and until further Order of the Court.  The images of Cohen's and/or Nitkin's external drives held in escrow shall be subject to searches and production as agreed to by the parties or, absent agreement, pursuant to further Order of this Court.

(f) Walsworth has obtained through a qualified third-party digital forensics consultant an image of the mobile phone of employee Jim Worthington.  That image will be held in escrow by counsel for Walsworth or his forensics consultant during the pendency of this action and until

further Order of the Court, and shall be subject to searches and production as agreed to by the parties or, absent agreement, pursuant to further Order of this Court;

(g) The Enjoined Parties, and all those acting in concert with them or on their behalf, are required to provide a list pursuant to a protocol agreed to by the parties or, absent agreement, as ordered by the court, of (a) all Lifetouch Materials received by Walsworth directly or indirectly from Cohen or Nitkin, together with the current or last known location of such Lifetouch Materials; (b) Lifetouch Customers signed by Walsworth since September, 2019 and a statement of the contracted revenue from each, which sums may be designated as "confidential" or "confidential-attorney's eyes only" under the protective order in this case;

(h) The bond posted by Lifetouch in connection with this Court's Temporary Restraining Order in the amount of $40,000 (forty thousand dollars) is sufficient security for the entry of this Preliminary Injunction.

SO ORDERED.

Dated at New Haven Connecticut this ___ day of November 2019.

_____
Janet C. Hall
United States District Judge